THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00202-MR-WCM

| | |
|---|---|
| **STEPHANIE GODBOLD,** *by and through her Guardian, Teresa Holloway* )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**CHEROKEE COUNTY, SCOTT LINDSAY,** *in his official capacity,* **CINDY Palmer,** *in her official capacity as Director of DSS in Cherokee County,* **CINDY PALMER,** *in her individual capacity,* **DONNA CRAWFORD,** *in her official capacity as Director of DSS for Cherokee County,* **DONNA CRAWFORD,** *in her individual capacity* )<br>)<br>**Defendants.** ) | **O R D E R** |

**THIS MATTER** is before the Court on the Motion to Dismiss filed by Defendants Cherokee County, Scott Lindsay in his official and individual capacities, Cindy Palmer in her official and individual capacities, and Donna Crawford in her official capacity [Doc. 3]; the Magistrate Judge's Memorandum and Recommendation [Doc. 12] regarding the disposition of

that motion; and the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 13].

I.  **PROCEDURAL BACKGROUND**

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' Motion to Dismiss and to submit a recommendation for its disposition. On November 19, 2020, the parties filed a joint stipulation of dismissal dismissing Defendant Crawford in her individual and official capacities without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(a)(ii). [Doc. 11]. With the filing of the joint stipulation Defendant Crawford is no longer a party in either her individual or official capacities.

On January 14, 2021, the Magistrate Judge filed a Memorandum and Recommendation recommending that the Defendants' Motion to Dismiss be denied in part as moot as to the dismissal of Defendant Crawford who is no longer a party and denied as to the remainder of the Plaintiff's claims. [Doc. 12]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Plaintiff timely filed her Objection on

2

January 28, 2021. [Doc. 13]. The Defendants filed a response on February 5, 2021. [Doc. 14].

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

The Plaintiff submits one objection to the Memorandum and Recommendation. The Plaintiff objects to the Magistrate Judge's rejection of the application of the continuing violation doctrine to her Section 1983 claims. [Doc. 13-1 at 6].

The continuing violation doctrine is an exception to the general rule that a claim accrues at the point that the right to maintain a suit arises. Perry v. Pamlico Cty., 88 F. Supp. 3d 518, 530–31 (E.D.N.C. 2015). For claims brought under section 1983, a claim generally accrues when the plaintiff knows or has reason to know of the injury that is the basis for the action. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995). Under the continuing violation doctrine, the "statute of limitations does not begin to run until the violative act ceases." Williams v. Blue Cross Blue Shield, 357 N.C. 170, 179, 581 S.E.2d 415, 423 (2003); A Soc'y Without a Name, for People without a Home, Millennium Future-Present v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011). In circumstances where a "harm has occurred more than once in a continuing series of acts or omissions" the statute of limitations runs anew with each violation. Depaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). "[T]o establish a continuing violation[,] the plaintiff must establish that the unconstitutional or illegal act was a fixed and

continuing practice." Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1166 (4th Cir. 1991).

The Plaintiff objects to the Magistrate Judge's conclusion that the continuing violation doctrine does not apply in this case. The Plaintiff argues that the deprivation of her constitutional rights began on January 27, 2010, and because no proper procedure has been afforded "that deprivation has continued to the present day." [Doc. 13-1 at 8]. In support of her argument the Plaintiff cites to Grabarczyk v. Stein, No. 5:19-CV-48-BO 2019 WL 4235356 (E.D.N.C. Sep. 4, 2019), for the proposition that the statute of limitations period does not begin to run until due process is afforded. In Grabarczyk v. Stein, No. 5:19-CV-48-BO, 2019 WL 4235356, (E.D.N.C. Sep. 4, 2019), the plaintiff brought suit under Section 1983 alleging that his procedural due process rights had been violated by being placed on the North Carolina Sex Offender Registry based on an out of state conviction without notice and an opportunity to be heard. Grabarczyk, No. 5:19-CV-48-BO, 2019 WL 4235356, at *1. The court in that case concluded that the continuing violation doctrine applied because the "plaintiff's alleged harm is ongoing, and there has been no end to his deprivation of liberty without due process." Id. at *4.

Grabarczyk is, however, distinguishable from the present case. In that case, the plaintiff was still on the sex offender registry at the time of filing. Part of the relief the plaintiff in the case was requesting *was removal* from the sex offender registry. Id. In the present case, the Plaintiff is requesting monetary damages rather than any specific cessation of harm by the Defendants such as the return of her minor child. [Doc. 2 at 1]. While the Plaintiff may be experiencing "continued ill effects" of losing custody of her child there is no allegation of any "ongoing" deprivation. As such, the argument presented in the Plaintiff's objection does not appear to apply to the claims the Plaintiff is bringing in this action.

After careful consideration of the Memorandum and Recommendation and the Plaintiff's Objections thereto, the Court finds that the Magistrate Judge's Memorandum adequately provides a basis to support the denial of the Defendants' Motion, as recommended. Since the Magistrate Judge does not provide a specific legal basis by which the Plaintiff's claims survive the statute of limitations, the Court will generally accept the Magistrate Judge's recommendation that the Motion to Dismiss be denied in part and denied in part as moot, and the Plaintiff's objection with regard to the statute of limitations issue will be overruled as premature.

## O R D E R

**IT IS, THEREFORE, ORDERED,** that the Plaintiff's Objection to the Memorandum and Recommendation [Doc. 13] is **OVERRULED AS PREMATURE**; the Recommendation of the Magistrate Judge [Doc. 12] is **ACCEPTED**; and the Defendants' Motion to Dismiss [Doc. 3] **DENIED IN PART AS MOOT** as to the Defendants' request to dismiss claims against Crawford in her official capacity; and **DENIED** with respect to the Plaintiff's remaining claims.

**IT IS SO ORDERED.**

Signed: March 29, 2021

Martin Reidinger
Chief United States District Judge