UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 1:20-cv-202

|  |  |  |
|---|---|---|
| STEPHANIE GODBOLD by and through her guardian Teresa Holloway,<br><br>Plaintiff,<br><br>v.<br><br>CHEROKEE COUNTY, et al,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | **CONSENT MOTION TO APPROVE SETTLEMENT** |

NOW COMES Plaintiff, through counsel, pursuant to N.C. Gen. Stat. § 28A-13-3(a)(23), and hereby submits this Motion to approve a settlement reached in this action between 1) Plaintiff and 2) all named Defendants (herein the "Parties"). The settlement between these Parties must be approved by the Court because the sole beneficiary has been declared incompetent.

In support of this Motion, and pursuant to LCvR 7.1 and the Pretrial Order and Case Management Plan, Plaintiff shows as follows:

**Factual Background**

1.    This action arose from the conduct of the Defendants beginning in January of 2010, wherein agents of the Defendant Cherokee County (DSS social

workers) approached Plaintiff and presented her with a Custody and Visitation Agreement ("CVA") directing her to sign the same.

2.    A CVA purports to transfer physical and legal custody of a minor child from the child's biological parent(s) to another person.

3.    A CVA is formatted to look like a court order and contains language concerning the home state of the minor child as defined in the Uniform Child Custody Jurisdiction and Enforcement Act as well as other legally significant terms of art.

4.    The CVA at issue in this action was presented to Plaintiff by Donna Pendegrass, a Cherokee County social worker, on January 27, 2010, whereupon, the Plaintiff was directed to sign, and, in fact, did so sign in the belief that she had no choice other than to do so.

5.    Within months of presenting the CVA to Plaintiff, Cherokee County DSS brought an action before the Clerk of Superior Court for Cherokee County seeking an adjudication that Plaintiff was incompetent.

6.    This petition was granted by the Clerk and Teresa Holloway was appointed as guardian of the person for Plaintiff on March 23, 2010.

7.    Teresa Holloway has acted, without fail, as the guardian of the person for Plaintiff since that time and Plaintiff continues to reside with Ms. Holloway to this day.

8.     Plaintiff, as a result of the CVA, lost care, custody, and control of her minor child, lost all ability to control the medical care and physical placement of her minor child, and lost the opportunity to have love, affection, care, companionship, and kindly offices of her minor child.

## Procedural Background

9.     On June 25, 2020, Plaintiff filed a Complaint in the Superior Court Division of the North Carolina General Court of Justice, Cherokee County against Defendant Cherokee County, Defendant Scott Lindsay, Defendant Cindy Palmer, and Defendant Donna Crawford[1]. (Doc. 1-1)

10.     On July 10, Plaintiff Filed an Amended Complaint in the Cherokee County Superior Court.  (Doc. 2)

11.     On July 27, 2020, Defendants removed the action to this Court.  (Doc. 1)

12.     On August 3, 2020 Defendants filed a motion to dismiss for failure to state a claim, Plaintiff responded and Defendants replied. (Docs. 3-6)

13.     On November 20, 2020 Plaintiff filed a stipulation of dismissal against Defendant Crawford.  (Doc. 11)

---

[1] Defendants Lindsay, Palmer, and Crawford were sued in both their individual and official capacities.

14.     The Court ultimately denied the motion to dismiss on March 29, 2021. (Doc. 15)

15.     On April 5, 202, Cherokee County and the official capacity Defendants filed an answer.  (Doc. 16)

16.     On April 12, 2021, Defendant Lindsay in his individual capacity filed an answer.  (Doc. 17)

17.     On April 13, 2021, Defendant Palmer in her individual capacity filed an answer. (Doc. 18)

18.     On May 5, 2021, the Court issued a Pretrial Order and Case Management Plan, establishing deadlines for Rule 26 disclosures, expert reports, discovery, mediation, dispositive motions, and trial. (Doc. 20)

19.     During discovery, the Parties served initial disclosures and exchanged thousands of documents, including many documents that had been obtained in related litigation[2].

---

[2] The related litigation includes *Hogan v. Cherokee County*, 1:18-cv-96 (W.D.N.C.); *Molly Cordell v. Cherokee County*, 1:20-cv-199 (W.D.N.C.); *Heaven Cordell v. Cherokee County*, 1:20-cv-200 (W.D.N.C.); *Simonds v. Cherokee County*, 1:20-cv-250 (W.D.N.C.); *Phillips v. Cherokee County*, 1:21-cv-274 (W.D.N.C.); *Davenport v. Cherokee County*, 1:21-cv-276 (W.D.N.C.); *Dyer v. Cherokee County*, 1:21-cv-277 (W.D.N.C.); *Davenport v. Cherokee County*, 1:21-cv-278 (W.D.N.C.); *Silvers v. Cherokee County*, 1:21-cv-280 (W.D.N.C.); *Maney v. Cherokee County*, 1:21-cv-281 (W.D.N.C.); *Reily v. Cherokee County*, 1:21-cv-282 (W.D.N.C.); *Killian v. Cherokee County*, 1:21-cv-283 (W.D.N.C.); *Timpson v. Cherokee County*, 1:21-cv-284 (W.D.N.C.); *Crapse v. Cherokee County*, 1:21-cv-285 (W.D.N.C.); *Allen v. Cherokee County*, 1:21-cv-286 (W.D.N.C.); *Dorsey v. Cherokee County*, 1:21-cv-287 (W.D.N.C.); *Helms v. Cherokee County*, 1:21-cv-288 (W.D.N.C.); *Greenlee v. Cherokee County*, 1:21-cv-289 (W.D.N.C.); *Torres v. Cherokee County*, 1:21-cv-290 (W.D.N.C.); *Walker v. Cherokee County*, 1:21-cv-292 (W.D.N.C.); *Dockery v. Cherokee County*, 1:21-cv-293 (W.D.N.C.); *Farquhar v. Cherokee County*, 1:21-cv-

20.     The Parties engaged in ongoing settlement negotiations throughout the discover process and March and April of 2022.  On May 2, 2022 the Parties agreed to settle.

## Proposed Settlement

21.     Within thirty (30) days of entry of an order approving settlement, Plaintiff will file a petition for the creation of a trust for the Plaintiff's benefit pursuant to 42 U.S.C. §1396p(d)(4)(A) or §1396p(d)(4)(C), N.C. Gen. Stat.§ 36C-2-203, and N.C. Gen. Stat. § 36C-4-401 ("the Godbold Trust"), along with a proposed trust instrument, and recommended candidate to serve as trustee. Upon entry of an order authorizing creation of the Trust, the settlement proceeds shall be paid to the Trustee of the Godbold Trust to be held in accordance with its terms for the benefit of the Plaintiff.

22.     Under the proposed settlement, the Defendants will pay to the Trustee of the Godbold Trust two hundred and fifty thousand dollars ($250,000.00) in full and final satisfaction of all claims that were or could have been alleged against them by the Plaintiff.

23.     The Plaintiff is to be the sole beneficiary of the $250,000.00 and Plaintiff's counsel have waived and released all fees, expenses, and reimbursements

---

294 (W.D.N.C.); *Burnette v. Cherokee County*, 1:21-cv-295 (W.D.N.C.); *Downey v. Cherokee County*, 1:21-cv-296 (W.D.N.C.); and *Spicola v. Cherokee County*, 1:21-cv-297 (W.D.N.C.).

connected with the prosecution of this action, except a flat fee of $6,000.00 to be paid from the proceeds to the Van Winkle Law Firm for the preparation of a petition to the U.S. District Court for the Western District of North Carolina, requesting creation of a trust for Plaintiff's benefit pursuant to 42 U.S.C. § 1396p(d)(4)(A) or (d)(4)(C), and N.C. Gen. Stat. §§ 36C-2-203 and 36C-4-401; drafting of the trust; assistance with the identification of an appropriate trustee; appearing for any hearings requested or required by the Court; and asking the Court to direct that the Settlement Proceeds be disbursed from undersigned counsel's attorney's trust account directly to the trustee.

24.     Teresa Holloway, guardian of the person, has reviewed all of the settlement documents and trust instruments and has consented to the settlement in writing and believes that the settlement and proposed disbursements are fair, reasonable, and in the best interest of the beneficiary.

25.     Counsel for Plaintiff has contacted counsel for the Defendants, who has indicated that they consent to this motion.

WHEREFORE, Plaintiff requests that the Court approve the settlement and proposed disbursements, issue the Consent Order, allow the Parties to file a Stipulation of Dismissal with Prejudice, and grant such other and further relief as may be just and proper.

Respectfully submitted, this 31st day of May, 2022

/s/David A. Wijewickrama
David A. Wijewickrama
N.C. State Bar No.: 30694

/s/ Melissa Jackson
Melissa Jackson
N.C. State Bar No.: 34013

/s/ D. Brandon Christian
D. Brandon Christian
N.C. Bar No. 39579

/s/ Ronald L. Moore
Ronald L. Moore
N.C. Bar. No. 9619

We consent:

/s/ Mary Euler
Mary Euler
N.C. Bar No.: 25799

/s/ Patrick Flanagan
Patrick Flanagan
N.C. Bar. No.: 17407

/s/ Sean Perrin
Sean Perrin
N.C. Bar No.: 22253

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing Motion to Approve Settlement with the Clerk of Court using the CM/ECF system, which will serve by electronic means, counsel for all parties.

This 31st day of May, 2022.

BY: /s/ D. Brandon Christian
    D. Brandon Christian
    N.C. Bar No.: 39579
    3344 Presson Road
    Monroe, NC 28112
    Telephone: (910) 750-2265
    brandon.christian@ncleag.com
    *Attorney for Plaintiff*