# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-cv-00202-MR-WCM

| | |
|---|---|
| STEPHANIE GODBOLD, by and through her Guardian *ad Litem* Joy McIver, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHEROKEE COUNTY, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER APPROVING SETTLEMENT** |

**THIS MATTER** is before the Court on the Plaintiff's Consent Motion to Approve Settlement [Doc. 33].[1]

## BACKGROUND

This action arises from the alleged use of an extra-judicial Custody and Visitation Agreement ("CVA") by the Cherokee County Department of Social Services ("Cherokee County DSS"), which caused the Plaintiff Stephanie Godbold to lose the care, custody, and control of her minor child.

---

[1] The Plaintiff's Consent Motion was initially denied without prejudice on June 13, 2022. [Doc. 34]. The Plaintiff, through counsel, renewed the motion orally before the Court during a hearing held for the approval of settlements in a related consolidated matter, Simonds v. Cherokee County, No. 1:20-cv-00250-MR-WCM.

On June 25, 2020, the Plaintiff, by and through Teresa Holloway, the guardian of her person, filed a Complaint in the Superior Court Division of the North Carolina General Court of Justice, Cherokee County, against Defendant Cherokee County, Defendant Scott Lindsay, Defendant Cindy Palmer, and Defendant Donna Crawford, asserting claims under 42 U.S.C. § 1983 for violation of her constitutional rights, as well as claims under North Carolina state law, for the wrongful removal of her minor child.[2] [Doc. 1-1]. Thereafter, the Plaintiff filed an Amended Complaint. [Doc. 2]. On July 27, 2020, the Defendants removed the action to this Court. [Doc. 1]. On August 3, 2020, the Defendants filed a motion to dismiss for failure to state a claim; the Plaintiff responded, and the Defendants replied. [Docs. 3, 5, 6]. On November 20, 2020, the Plaintiff filed a stipulation of dismissal against Defendant Crawford. [Doc. 11]. The Court ultimately denied the motion to dismiss on March 29, 2021. [Doc. 15]. Subsequently, the Defendants filed answers. [Docs. 16, 17, 18].

---

[2] Defendants Lindsay, Palmer, and Crawford were sued in both their individual and official capacities.

On May 5, 2021, the Court issued a Pretrial Order and Case Management Plan, establishing deadlines for Rule 26 disclosures, expert reports, discovery, mediation, dispositive motions, and trial. [Doc. 20].

During discovery, the parties served initial disclosures and exchanged thousands of documents, including many documents that had been obtained in related litigation against Cherokee County DSS.[3] The parties also engaged in ongoing settlement negotiations throughout the discovery process. Finally, in May 2022, the parties agreed to settle this action. Thereafter, the Plaintiff filed a Consent Motion to Approve the Settlement. [Doc. 33]. The Court denied that Consent Motion without prejudice, however, due to a lack of documentation to support the settlement. [Doc. 34].

In November 2022, the Plaintiff moved for the appointment of Joy McIver as Guardian ad Litem to prosecute and complete the settlement of this action on Ms. Godbold's behalf. [Doc. 36]. The Court granted this motion and dismissed Ms. Holloway as a plaintiff representative. [Doc. 37].

---

[3] This related litigation includes Hogan v. Cherokee County, 1:18-cv-96 (W.D.N.C.); Molly Cordell v. Cherokee County, 1:20-cv-199 (W.D.N.C.); Heaven Cordell v. Cherokee County, 1:20-cv-200 (W.D.N.C.); and a number of other cases that were subsequently consolidated into one action, Simonds v. Cherokee County, 1:20-cv-250 (W.D.N.C.). All of these related actions were assigned to and heard by the undersigned.

3

In the meantime, the attorneys for the Plaintiff and the attorneys for the Defendants in this action were also actively involved in settling the related Cherokee County litigation, resulting in a global settlement of those actions. The Court held a hearing to approve these settlements on December 12, 13, and 14, 2022. During those hearings, counsel requested that the Court also conduct a hearing to approve the parties' settlement in the present action and to approve the creation of a special needs trust to receive any and all settlement proceeds payable to the Plaintiff.[4]

This matter came to be heard on December 14, 2022. Present for the proceeding were the Plaintiff Stephanie Godbold; the Plaintiff's guardian of the person, Teresa Holloway; the Guardian ad Litem, Joy McIver; the proposed Trustee Brian T. Lawler; attorneys Ronald L. Moore and David A. Wijewickrama, as counsel for the Plaintiff; and attorneys Sean F. Perrin, Patrick H. Flanagan, and Mary E. Euler, as counsel for the Defendants. Prior to the hearing, the Court reviewed the pleadings filed in this case, as well as the Settlement Agreement and Release executed by the parties [Doc. 40] and the proposed Special Needs Trust for the benefit of the Plaintiff [Doc. 38-1]. At the hearing, the Court requested that counsel for the Plaintiff and

---

[4] The Plaintiff has filed a Petition for Creation of Trust [Doc. 38], which will be addressed by a separate Order entered contemporaneously herewith.

the Defendants give a forecast of their trial evidence and provide a candid evaluation of the strengths and weaknesses of the Plaintiff's claims and any defenses thereto. The parties complied with the Court's request and proffered a detailed description of the factual and legal circumstances of this matter.

At the hearing, the Court heard from Ms. McIver as the Guardian ad Litem and from Ms. Holloway as the Plaintiff's guardian of the person, and they each expressed their opinion that the amount of the settlement and the proposed distribution of those funds are fair and reasonable and in the best interests of the Plaintiff. The Court further heard from Mr. Lawler, as the proposed Trustee of the Special Needs Trust, who explained the manner in which the Special Needs Trust would operate for the benefit of the Plaintiff. No other family member or interested person has appeared before the Court to enter any objection to the proposed settlement or to the proposed distribution of the settlement funds.

## **FINDINGS OF FACT**

Based on the foregoing, the Court makes the following findings of fact:

1. On January 27, 2010, social workers employed by Cherokee County DSS approached the Plaintiff and presented her with a CVA to sign. The CVA purported to transfer physical and legal custody of the

Plaintiff's minor child to another person. While formatted to look like a court order and containing language concerning the home state of the minor child as defined in the Uniform Child Custody Jurisdiction and Enforcement Act as well as other legally significant terms of art, the CVA was executed without court oversight or approval. A Cherokee County DSS social worker directed the Plaintiff to sign the CVA, and the Plaintiff, in fact, signed the document in the belief that she had no choice other than to do so.

2. Within months of presenting the CVA to the Plaintiff, Cherokee County DSS brought an action before the Clerk of Superior Court for Cherokee County seeking an adjudication that the Plaintiff was incompetent. The Clerk granted this petition and appointed Teresa Holloway as guardian of the person for the Plaintiff on March 23, 2010. [See Doc. 36-2].

3. Ms. Holloway has acted, without fail, as the guardian of the person for the Plaintiff since that time, and the Plaintiff continues to reside with Ms. Holloway to this day.

4. As a result of the CVA, the Plaintiff lost care, custody, and control of her minor child, lost all ability to control the medical care and physical placement of her minor child, and lost the opportunity to have love, affection, care, companionship, and kindly offices of her minor child.

6

Case 1:20-cv-00202-MR-WCM   Document 42   Filed 02/03/23   Page 6 of 13

5. Based on the evidence obtained during discovery in the present action, as well as during the discovery phase of the related Cherokee County cases, counsel for the Plaintiff believed that they had a strong case for liability based upon Cherokee County DSS's use of an extra-judicial custody agreement, which the Plaintiff was pressured to sign only weeks before the very same agency sought to have her declared incompetent. Counsel acknowledged, however, that given the Plaintiff's intellectual and emotional limitations, subjecting the Plaintiff to a discovery deposition and possibly to testifying at trial would be extremely detrimental to her. Counsel also acknowledged that the period of time that the Plaintiff was wrongfully deprived of the custody of her minor child was relatively short (approximately 48 days), which would likely have resulted in a lower damages award had the case proceeded to a jury trial.

6. Despite the noted strengths of the Plaintiff's case, counsel also acknowledged the inherent uncertainties that exist in proceeding to a trial, including the risk of a defense verdict, thereby recovering nothing on behalf of the Plaintiff, and the aforementioned harm that testifying would possibly cause the Plaintiff. Counsel further noted the existence of various defenses that could be asserted by the Defendants at trial,

7

including the defenses of qualified immunity, sovereign immunity, and public official immunity. Counsel also noted that there were legitimate concerns regarding the Defendants' ability to pay any judgment that would result from a trial, including issues of the individual Defendants' solvency, the difficulty of establishing the County's liability under Monell,[5] and whether adequate insurance coverage existed, if at all, to pay any verdict obtained against Cherokee County and the related Defendants.

7. Finally, Plaintiff's counsel noted that they do not intend to seek an award of fees in this case, and that the settlement amount agreed upon is in line with the net amount paid to plaintiffs in other similar cases brought against the Cherokee County Defendants and settled around the same time.

8. In light of these considerations, as well as the uncertainty of submitting the case to a jury, both the Plaintiff's and the Defendants' counsel stated they believed that the settlement reached is a fair resolution of the Plaintiff's claims.

---

[5] Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978).

9. At the hearing held on December 14, 2022, the Guardian Ad Litem opined that the settlement is fair and reasonable and in the best interest of the Plaintiff, and therefore recommended that the settlement be approved.

10. At the hearing held on December 14, 2022, Teresa Holloway, as the guardian of the person of the Plaintiff, acknowledged that she:

   (a) had read the settlement documents filed in this matter, including the Settlement and Release Agreement, and that she understands and assents to the terms thereof.

   (b) had an adequate opportunity to confer with counsel regarding the settlement of this matter.

   (c) understands that the settlement documents propose that certain consideration be paid for the benefit of the Plaintiff.

   (d) believes, in her capacity as guardian of the person of the Plaintiff, that the proposed settlement is fair and reasonable for the Plaintiff under the circumstances of this case, particularly as to the nature of the settlement, the amount of monetary payments to be made under the settlement, and the proposed disbursements of the settlement funds.

(e) understands that, if the Court approves the Settlement Agreement and Release and creates a Trust as requested, the consideration due will be provided as described in the settlement documents filed herewith.

(f) understands that, if the Court approves the Settlement Agreement and Release, the provision of the consideration for the settlement by the Defendants will terminate any claims of the Plaintiff against the Defendants, and that the Plaintiff will be enjoined from seeking any future redress against the Defendants based upon the acts and omissions alleged in the Complaint.

11. Based on all the foregoing, the Court finds and concludes that the Settlement Agreement and Release is fair and reasonable under all of the circumstances of this case; that the consideration to be provided under the terms of the Settlement Agreement and Release is fair and reasonable; and that the proposed disbursement of such consideration is fair and reasonable.

## **CONCLUSIONS OF LAW**

Based upon the foregoing findings of fact, the Court makes the following conclusions of law:

1. As an incompetent adult, the Plaintiff lacks sufficient capacity to manage her own affairs or to make or communicate important decisions concerning her person, family, or property, and she therefore requires the assistance of a guardian in order to help her exercise her rights, including the management of her property and personal affairs. N.C. Gen. Stat. §§ 35A-1101(7), 35A-1201(a).

2. Attorney Joy McIver, acting in her capacity as the Guardian ad Litem for the Plaintiff, is competent in all respects; is able to understand the ramifications of the Settlement Agreement and Release, as well as the effect such agreement would have upon the Plaintiff; and is competent and able to execute her duties accordingly.

3. Teresa Holloway, acting in her capacity as guardian of the person for the Plaintiff, is competent in all respects; is able to understand the ramifications of the Settlement Agreement and Release, as well as the effect such agreement would have upon the Plaintiff; and is competent and able to execute her duties accordingly.

4. Having reviewed the details of the proposed disbursement of funds for the Plaintiff, including the payment dates and amounts, the Court finds that the extent, nature, and amount of recovery for the Plaintiff are all fair and reasonable, and the disbursement of such funds as provided

in the Settlement Agreement and Release is in the best interests of the Plaintiff.

5. The disbursement of the settlement proceeds, as set forth in the Settlement Agreement and Release, benefits Ms. Godbold by the way in which the funds are to be disbursed. The parties have specifically informed the Court that all are in agreement as to the manner of distribution set forth therein and are capable of carrying into effect the same.

6. Attorney Joy McIver, acting in her capacity as the Guardian ad Litem for the Plaintiff, and Teresa Holloway, acting in her capacity as guardian of the person for the Plaintiff, have bound the Plaintiff herein in the same manner as if the Plaintiff had consented to the settlement as a competent adult.

7. The Settlement and Release Agreement should be approved.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Consent Motion to Approve Settlement [Doc. 33] is **GRANTED**, and the parties' Settlement Agreement and Release [Doc. 40] is hereby **APPROVED**.

**IT IS FURTHER ORDERED** that the parties shall file a Stipulation of Dismissal of this action no later than 90 days from the entry of this Order.

An Order creating a trust to receive the settlement proceeds payable to the Plaintiff is hereby entered contemporaneously herewith.

**IT IS SO ORDERED.**

Signed: February 3, 2023

Martin Reidinger
Chief United States District Judge